John J. DUWEL, M.D., Plaintiff,

v.

CHARLES TOWN GENERAL HOSPI-TAL, d/b/a Jefferson Memorial Hospi-tal, John Sherwood, in his Capacity as Administrator and C.E.O., and Vi-kram Dayal, M.D., in his Capacity as President, Medical Staff, Defendants.

No. CIV.A. 02–CV–35.

United States District Court, N.D. West Virginia, Martinsburg Division.

Sept. 30, 2004.

Richard G. Gay, Berkeley Springs, WV, for Plaintiff.

P. Gregory Haddad, MacCorkle, Laven-der, Casey & Sweeney, PLLC, Morgan-town, WV, for Defendant.

### MEMORANDUM OPINION AND OR-DER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDG-MENT

BROADWATER, District Judge.

#### I. Introduction

Plaintiff John J. Duwel ("Duwel") brought this action against his former em-

---

ployers, Charles Town General Hospital, d/b/a Jefferson Memorial Hospital ("Hospital"), John Sherwood, Administrator and C.E.O. of Jefferson Memorial Hospital, and Vikram Dayal M.D., President of Medical Staff at Jefferson Memorial Hospital (collectively "Defendants"). Duwel alleges that, in misinforming him about the availability of a leave of absence, the Defendants forced Duwel to surrender his hospital privileges. In claiming that the Defendants' misrepresentation amounts to an involuntary dismissal, Duwel asserts violations of his "basic common law procedural due process" rights, the Health Care Quality Improvement Act, 42 U.S.C. § 11101, and the Bylaws of Jefferson Memorial Hospital. In addition to costs and damages, Duwel seeks a declaratory judgment as to the Hospital's immunity status under 42 U.S.C. § 11101. Duwel also seeks an order removing the Hospital's entry regarding Duwel in the National Practitioner's Data Bank, as well as an order compelling reinstatement of his hospital privileges and a hearing on the allegations against him.

## II. Background

Duwel received his license to practice general surgery from Jefferson Memorial Hospital in 1984. During his course of practice, Duwel performed a wide variety of surgical procedures, including a considerable number of laparoscopic hernia repairs. Duwel's hernia repair performance and three other incidents form the underlying basis of the parties' dispute.

On August 8, 2001, the Surgical Case Review Committee of Jefferson Memorial Hospital convened to discuss matters concerning the Hospital's ongoing Performance Improvement/Quality Assurance Program. Pursuant to this program, the Hospital conducted a survey of available patients who recently underwent hernia repair at Jefferson Memorial. Of all the doctors sampled, only Duwel received a significant number of negative responses including both persistence of pain and hernia reoccurrences. The Surgical Case Review Committee concluded that the results of the survey were serious enough to warrant further inquiry by the Credential Committee into Duwel's privileges for laparoscopic hernia repair.

In addition to the survey results, the Surgical Case Review Committee also examined three surgical cases of Duwel, previously red flagged by the Quality Assurance Program. All of the cases involved colon surgeries in which the Committee concluded that Duwel used questionable judgment or operated completely outside the surgical standard of care of Jefferson Memorial Hospital. The Surgical Case Review Committee found these incidents to be extremely troubling, not only in the severity of their outcomes, which involved the post-operative death of one patient, but also because Duwel had been counseled previously about the Hospital's standard of care. The Surgical Case Review Committee concluded that the seriousness of the instances warranted the Credential Committee to further investigate the adverse outcomes of Duwel's colon surgeries as well as his laparoscopic hernia privileges.

The Credential Committee convened on August 9, 2001 at 5:30 p.m. Previously that same day, Dr. Konrad Nau and Dr. Webb, another Jefferson Memorial physician, provided Duwel with a copy of the minutes of the prior day's Surgical Case Review meeting. Duwel alleges Dr. Nau informed him that a discussion of his hospital privileges would take place at the Credential Committee meeting later that day. In response, Duwel inquired about his options concerning the Committee review. According to Duwel, Dr. Nau then informed him that if Duwel were to take a

voluntary leave of absence, no vote would be taken upon his privileges.

At the Credential Committee meeting, Duwel received an opportunity to discuss his views regarding the findings of the Surgical Case Review Committee as well as the possibility of taking a leave of absence. At the close of the discussion, Duwel offered to take a leave of absence in order to avoid a vote on his surgical privileges. After subsequent discussion, the Committee determined the Hospital's Bylaws did not provide for a "leave of absence." However, Duwel could be placed on inactive status by voluntarily surrendering his medical staff privileges. The Credential Committee further informed Duwel that he would have to reapply for medical staff privileges in order to be reinstated. Although Duwel denies his presence before the Credential Committee at this point, the minutes of the meeting clearly reflect his attendance. At this time, Duwel tendered his hospital privileges, which were unanimously accepted by the Credential Committee.

The following day, Duwel wrote John Sherwood ("Sherwood"), C.E.O. of Jefferson Memorial Hospital, confirming his request for a "leave of absence" and no surgical or hospital privileges. Sherwood responded, reminding Duwel that the Hospital's Bylaws did not provide for a "leave of absence" but that Duwel's "staff privileges at the hospital would become voluntarily inactive resulting in a resignation of all staff privileges at the hospital effective immediately." Pursuant to the National Health Care Quality Improvement Act, the Hospital informed the National Practitioner's Data Bank ("Data Bank") of Duwel's resignation to avoid an investigation, as required by the statute.

After receiving notice of his entry in the Data Bank, Duwel filed suit in federal district court on April 25, 2002. Duwel claims the Hospital misinformed him about the availability of a "leave of absence." Duwel further contends that the Defendants' misrepresentation amounts to an involuntary discharge in violation of his "basic common law procedural due process" rights, the Health Care Quality Improvement Act, 42 U.S.C. § 11101, and the Bylaws of Jefferson Memorial Hospital. In addition to damages and costs, Duwel seeks a declaratory judgment regarding the Hospital's immunity status under the Health Care Quality Improvement Act. Furthermore, Duwel seeks an order removing his entry into the National Practitioner's Data Bank, as well as an order compelling reinstatement of Duwel's hospital privileges and a hearing on the allegations against him.

On January 20, 2004 the Defendants' filed their motion for summary judgment, which is the subject of this order. On February 4, 2004, Duwel filed Plaintiff's Opposition to the Defendants' Motion for Summary Judgment, and Plaintiff's Supplement to His Opposition to Defendants' Motion for Summary Judgment on February 19, 2004. The Court has considered the issues presented in light of the applicable law, and the motions are now ripe for decision. For the reasons stated below, Defendants' Motion for Summary Judgment is **GRANTED**.

### III. Applicable Law

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed R. Civ. P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the

non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that can properly be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. 2505.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). That is, once the movant has met its burden to show the absence of material fact, the party opposing summary judgment must come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed.R.Civ.P. 56(c); *Celotex Corp.*, 477 U.S. at 323–25, 106 S.Ct. 2548; *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505 (citations omitted).

### IV. Discussion

■ The issue presented in this motion for summary judgment is whether Duwel voluntarily surrendered his hospital privileges. Logically, if Duwel voluntarily resigned, he cannot now maintain an action for due process violations or contractual breach concerning an involuntary dismissal.

■ Fourth Circuit law clearly states that a physician who voluntarily surrenders his privileges waives all due process rights. *Stone v. University of Maryland Medical System Corp.*, 855 F.2d 167 (4th Cir.1988). In *Stone*, a physician with privileges at the University of Maryland Hospital alleged the Hospital violated his due process rights by forcing him to resign without a hearing. *Id.* at 169. The physician in *Stone* faced allegations concerning his management of patients, and the Hospital informed him of its desire to withdraw his privileges. *Id.* at 170. In response, the physician chose to surrender his hospital privileges but later brought suit alleging that, in denying him a hearing on the allegations against him, the Hospital violated his due process rights. *Id.* The Fourth Circuit affirmed summary judgment in favor of the defendants on the ground that the physician was not fired but rather chose to resign. *Id.* at 173. The Fourth Circuit further noted the mere fact that the physician faced an unpleasant choice between resignation or investigation did not render his resignation involuntary.

Duwel, like the physician in *Stone*, faced the same unattractive alternatives. As in *Stone*, the difficulty of Duwel's choice alone is insufficient to render his resignation involuntary.

In support of their motion for summary judgment, Defendants have proffered the minutes of both the Surgical Case Review Committee and the Credential Committee meetings as well as the correspondence between Duwel and Dr. Nau. The evidence unambiguously indicates that, regardless of whether Duwel believed he was taking a "leave of absence" or not, he fully understood that he voluntarily surrendered his hospital privileges to avoid a vote on his privileges. Therefore, the Defendants have met their initial burden by demonstrating an absence of material fact. Duwel was required to come forward and affirmatively demonstrate the existence of a material fact for trial.

■ It is well settled that, in order to survive a properly supported motion for summary judgment, the non-moving party

must go beyond the pleadings to demonstrate the existence of a material fact. *Celotex Corp.*, 477 U.S. at 324–25, 106 S.Ct. 2548. Therefore, the non-moving party may not merely rest on his pleadings alone. In support of his Opposition to Defendants' Motion for Summary Judgment, Duwel's only proffering concerning his voluntary surrender of privileges is Duwel's own affidavit. However, Duwel's affidavit is factually and nearly structurally identical to the "Factual Allegations" contained in his complaint. The requirement that the non-moving party's proffering go beyond the pleadings is substantive rather than formal. Merely transferring one's pleadings into affidavit form is insufficient to affirmatively demonstrate the existence of a genuine issue of material fact. Accordingly, Duwel has failed to meet his burden in opposition to Defendants' Motion for Summary Judgment. Therefore, the Court hereby GRANTS Defendants' Motion for Summary Judgment.

### V. Conclusion

For the reasons stated above, the Court finds the Plaintiff has failed to meet his burden of demonstrating the existence of a material issue of fact in response to the Defendant's properly supported motion for summary judgment. Consequently, Defendants' Motion for Summary Judgment[1] is **GRANTED,** and this matter shall be **DISMISSED** from the Court's active docket. Furthermore, all other pending motions in this matter are hereby **DENIED**[2] as moot.

It is so **ORDERED.**

---

1. Document # 41.

2. Document # s 42, 61, and 78.